**CRIS C. VAUGHAN** (SBN 99568)
VAUGHAN & ASSOCIATES LAW OFFICE, APC
371 Nevada Street, #5338
Auburn, CA 95603
**Mailing Address:**
P.O. Box 5338
Auburn, CA 95604
Telephone: (833) 481-1245
cvaughan@adasolutionsgroup.com

Attorney for Plaintiff Richard Johnson

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD JOHNSON,**<br><br>          Plaintiff,<br><br>v.<br><br>**AL SAFYAH, INC**., a California Corporation, **ODISHO PENOEIL**, individually and in capacity as trustee, DOES 1-10, inclusive,<br><br>          Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT; VIOLATION OF CALIFORNIA CIVIL CODE §§ 51,52; AND RELATED CODES AND REGULATIONS**<br><br><u>DEMAND FOR JURY</u> |

Plaintiff, Richard Johnson, alleges as follows:

## I.  PARTIES

1.      This is a civil rights action by Plaintiff, Richard Johnson ("Plaintiff") for disability discrimination by Defendants, Al Safyah, Inc., a California Corporation, Odisho Penoeil individually and in capacity as trustee, and Does 1-10, inclusive (collectively hereinafter "Defendants").

2.      Plaintiff is a Santa Clara County resident with physical disabilities.  Plaintiff

-1-
COMPLAINT FOR DAMAGES

suffers from the medical condition C-7-T-1 Tetraplegia and uses a manual wheelchair and van equipped with a lift when traveling about in public. As such, Plaintiff's physical impairments substantially limit and/or affect one or more major life activities such as standing, walking, and caring for himself. At all relevant times, Plaintiff is and was a "person with a disability" and a "physically handicapped person" within the meaning of the Americans with Disabilities Act and California Government Code section 12926 and is a person whose rights are protected by these laws.

3.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants were and currently are the owners, operators, lessees and/or lessors of the shopping center housing the Gravity smoke shop and/or real property and located at 5158 Monterey Hwy, San Jose, CA 95111 ("the Facility").

4.      Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief.  Plaintiff will seek leave to amend this Complaint when their true names and capacities are ascertained.

5.      Plaintiff is informed and believes that each of the Defendants is and was the agent, employee or representative of each of the other Defendants and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some form or manner for the acts and omissions of the other Defendants thereby proximately causing the damages complained of herein.

6.      At all relevant times, all Defendants and each of them were legally responsible to Plaintiff for each of their co-defendants' wrongs, acts, and omissions alleged herein as though they had each committed each act themselves, and at all times authorized, directed, and ratified the acts and omissions of each remaining defendant.

## II.  JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for violations of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101, et seq.

8.      Pursuant to supplemental jurisdiction, an attendant and related cause of action arising from the same nucleus of operative facts and arising out of the same transactions is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is based on the fact that the Facility (*i.e.*, the real property) which is the subject of this action is located in the Northern District of California and that Plaintiffs' cause of action arose in the Northern District of California.

## III.  SUMMARY OF FACTS

10.      Plaintiff lives in Santa Clara County and has patronized the Facility several times during the statutory period (*i.e.*, two years) including at least two (2) documented visits on or about May 10, 2023 and June 16, 2023. During his visits to the Facility Plaintiff encountered some or all of the following barriers to access:

- There is no compliant van accessible disabled parking area at the Facility;
  - There is no tow away warning signage with vehicle reclaim information mounted at entrance(s) or visible at accessible parking.
  - The disabled parking space is too short.

- The pavement markings are incorrect, faded, and/or illegible, including not being marked in blue paint and the "NO PARKING" within the access aisle being faded.
- The access aisle has slopes exceeding the 2.08% maximum allowed in any direction.
- The curb ramp has slopes exceeding 2.08% and does not provide a compliant upper landing.
  - Plaintiff has a van with a lift that deploys from the passenger side. Without a compliant van accessible parking space and level adjacent access aisle it becomes difficult for Plaintiff to deploy his ramp and safely enter/exit his vehicle as his ramp may not deploy properly if the surface is not sufficiently level. Without an accessible route of travel to the entrance, it is more dangerous and difficult for Plaintiff to reach the entrance (than it would be for an able-bodied patron).
- There is no directional signage or designated compliant accessible route of travel from the public right of way or sidewalk.
- The path of travel from the disabled parking space has cross slopes exceeding 2.08%.
- The path of travel can become too narrow because parked cars can reduce the width of travel (since there are not curb stops preventing vehicles from encroaching on the route of travel).
- The front entrance landing is not level.
- The front entrance door was too heavy.

11.    These barriers at the Facility prevented Plaintiff from being able to use the

Facility in the same manner as an able-bodied person. As a result, these barriers at the Facility and the lack of accessibility caused Plaintiff to feel like a second-class citizen. In particular, Plaintiff likes to visit the Facility because he enjoys the goods offered there. Plaintiff would like his future visits to the Facility to be more accessible so that they are more enjoyable and less difficult as the slopes make it more difficult for Plaintiff to securely deploy his lift from his van and transfer/enter/exit his vehicle. During Plaintiff's visits he was also apprehensive that someone would illegally park in the access aisle (because of the improper and faded pavement markings) preventing him from being able to enter his vehicle or reach the entrance of the Facility. Plaintiff would like the Facility to be accessible to him and other disabled patrons. Unfortunately, on each of Plaintiff's visits to the Facility he was embarrassed and frustrated by the difficulties he encountered there.

12.     Plaintiff believes there may be additional barriers to his access at the Facility that relate to his disability. Plaintiff intends to amend his complaint, if necessary, to provide notice of any additional violations identified during a properly noticed site inspection by his Certified Access Specialist (CASp). Accordingly, Plaintiff anticipates seeking injunctive relief for all barriers to access which relate to his disability and are identified during such an inspection. *See Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008).

13.     Plaintiff lives less than 12 miles from the Facility and intends to continue to visit the Facility to avail himself of the goods and/or services offered there, but will continue to be discriminated against until the barriers to his access are removed. Of course, Plaintiff would prefer if Defendants would remove the barriers to access so that he and other disabled patrons may enjoy full and equal access to the Facility.

14.     Until the discriminatory policies, practices, and procedures of Defendants are modified and changed, Plaintiff will continue to be denied full and equal access to the goods and services offered by Defendants to the general public because he will suffer

ongoing discrimination and damages by being excluded and deterred from the Facility.

15.     Plaintiff is informed, believes, and based thereon alleges that his individual experiences of disability discrimination by Defendants are representative of Defendants' overall failure to maintain adequate accessible facilities and/or adequate training of employees as to the rights of customers with disabilities.

16.     The discriminatory treatment of Plaintiff by Defendants constitutes an ongoing violation of both federal and state laws, and unless enjoined by this Court, will result in an ongoing and irreparable injury to Plaintiff and other similarly situated persons.

### IV.  FIRST CLAIM
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 U.S.C. §12101 et seq.

17.     Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 15, inclusive, as though fully set forth herein.

18.     Congress enacted the Americans with Disabilities Act (hereinafter "ADA") upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be "serious and pervasive social problems."  42 U.S.C. § 12101(a)(2).

19.     In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities."  42 U.S.C. § 12101(b)(1)-(2).

20.     Title III of the ADA provides in pertinent part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of

1    public accommodation by any person who owns . . . or operates a place of public

2    accommodation." 42 U.S.C. § 12182(a).

3        21.   The ADA further provides that "it shall be discriminatory to afford an

4    individual or class of individuals, on the basis of disability or disabilities of such individual

5    class, directly, or through contractual, licensing, or other arrangement with the opportunity

6    to participate in or benefit from a good, service, facility, privilege, advantage, or

7    accommodation that is not equal to that afforded to other individuals."  42 U.S.C. §

8    12182(b)(1)(A)(ii).

9        22.   Discrimination under the ADA includes "a failure to take such steps as may

10   be necessary to ensure that no individual with a disability is excluded, denied services,

11   segregated or otherwise treated differently than other individuals because of the absence

12   of auxiliary aids and services . . . ." 42 U.S.C. § 12182(b)(1)(A)(iii).

13       23.   The ADA further prohibits "a failure to make reasonable modification in

14   policies, practices, or procedures, when such modifications are necessary to afford such

15   goods, services, facilities, privileges, advantages, or accommodations to individuals with

16   disabilities . . ." 42 U.S.C. § 12182(b)(1)(A)(ii).

17       24.   By virtue of their acts and omissions herein alleged, Defendants have

18   violated Title III of the ADA as to Plaintiff.

19       25.   Pursuant to 42 U.S.C. § 12188(a), Plaintiff is entitled to declaratory and

20   injunctive relief, and to recover reasonable attorneys' fees and litigation costs and

21   expenses incurred in bringing this action.

22                      **V.  SECOND CLAIM**
                **VIOLATION OF UNRUH CIVIL RIGHTS ACT**
23                **CALIFORNIA CIVIL CODE § 51 et seq.**

24       26.   Plaintiff realleges and incorporates by reference each and every allegation

25   contained in Paragraphs 1 through 24, inclusive, as though fully set forth herein.

27.    At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code §51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Pursuant to §51(f),

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

28.    Plaintiff is a person with a disability within the meaning of the Unruh Act.

29.    Defendants' business location (*i.e.*, the Facility) is a business establishment within the meaning of the Unruh Act.

30.    Plaintiff suffered damages as above described as a result of Defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple regards including, but not limited to, denying Plaintiff the opportunity for full and equal access and enjoyment to the Facility and the goods and services provided therein, in violation of both California law and the ADA, as described in the Summary of Facts, *supra*, the contents of which are incorporated herein.

31.    California Civil Code §52(a) provides that each such violation entitles Plaintiff to "the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000.00), and any attorney's fees that may be determined by the court in addition thereto. . . ."

32.    On the subject occasions (*i.e.*, on or about May 10, 2023 and June 16, 2023) when Plaintiff attempted to obtain the goods and services offered by Defendants, he was

not allowed full and equal enjoyment and access due to the refusal by Defendants to provide accommodation to and around the Facility.  As a result, Plaintiff suffered unnecessary anxiety and panic, causing him to feel humiliated, embarrassed, frustrated, and angry that he could not obtain full and equal access to the services offered at the Facility simply because he was disabled.

33.    Plaintiff was damaged by Defendants' wrongful conduct and seeks statutory minimum damages of four thousand dollars ($4,000.00) for each event of discrimination and for each time Plaintiff has been deterred from returning to the business together with attorney's fees and litigation costs and expenses.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    That the Court issue a preliminary and permanent injunction directing Defendants as the owners and/or operators of the Facility located at 5158 Monterey Hwy, San Jose, CA 95111 to remove the aforementioned barriers to Plaintiff's full and equal access and establish policies and procedures so that they provide full and equal access to all persons, including persons with physical disabilities as required by law.

2.    That the Court retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions complained of herein no longer occur, and cannot reoccur;

3.    That Plaintiff be awarded all appropriate damages, including but not limited to statutory damages, general damages, special damages, punitive/exemplary damages and treble damages in an amount within the jurisdiction of the Court, all according to proof;

4.    That Plaintiff be awarded all of his reasonable statutory attorney's fees, litigation expenses, and costs of this proceeding as provided by law;

5.    That Plaintiff be awarded prejudgment interest pursuant to Civil Code §3291; and

6.     Such other and further relief as the Court deems just and proper.

Dated: July 17, 2023                    VAUGHAN & ASSOCIATES LAW OFFICE, APC

By:  /s/ Cris C. Vaughan
CRIS C. VAUGHAN
Attorney for Plaintiff Richard Johnson

## **DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: July 17, 2023                    VAUGHAN & ASSOCIATES LAW OFFICE, APC

By:  /s/ Cris C. Vaughan
CRIS C. VAUGHAN

COMPLAINT FOR DAMAGES